

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2005

# Onal v. BP Amoco Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3696

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Onal v. BP Amoco Corp" (2005). *2005 Decisions.* Paper 1116.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1116

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3696
_____

MURAT ONAL

v.

BP AMOCO CORPORATION,
SUCCESSOR IN INTEREST TO
AMOCO OIL COMPANY,
a/k/a BP AMOCO

BP Amoco Corporation,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cv-00286)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2005

Before:  SLOVITER, FISHER and ALDISERT, *Circuit Judges*.

(Filed May 31, 2005 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant BP Amoco Corp. ("Amoco") appeals from a jury verdict entered against it in a breach of contract action filed by Appellee Murat Onal and from the District Court's denial of its Federal Rule of Civil Procedure 50(a) motion following the verdict. Amoco specifically contends that the District Court erred in concluding that Amoco was not entitled to terminate the subject contract with Onal, and in admitting evidence purportedly relating to Amoco's offer to compromise the underlying contract dispute. We will affirm.

As we write solely for the parties, and the facts are known to them, we will discuss only those facts pertinent to this appeal. Murat Onal owned a parcel of land at an intersection in Bucks County, Pennsylvania, which housed a restaurant and a check cashing agency. In 1996, Onal entered into a ground lease ("Lease") with Amoco in which he agreed to lease to Amoco the portion of the property on which the restaurant was located. Amoco intended to construct a gasoline station on the leased property. The Lease provided that Amoco would be liable for rents beginning "on the day gasoline [was] first sold ... but in no event later than ninety (90) days subsequent to the date all permits mentioned in Paragraph 6 hereof have been obtained and all provisions of Paragraph 7 have been fulfilled ...." Paragraph 6 of the Lease required Amoco to procure "the issuance from the proper municipal, county, state and other duly constituted authorities such unconditional permits ... satisfactory to Lessee" necessary for the

2

contemplated improvements and construction. Paragraph 6 further provided that Amoco could not be deemed in breach of the lease if it "duly pursue[d]" the necessary permits and "diligently carried out" the proceedings necessary to obtain the permits, but ultimately was unsuccessful, and afforded Amoco the privilege of terminating the lease if it proved "unable to obtain [the necessary] permits ... within six (6) months of the full execution" of the Lease.

Amoco did not obtain the necessary permits for the property within the six-month period established in Paragraph 6. Following the execution of the Lease, Amoco discovered that the leased property was smaller than it anticipated and made constructing the facility it had planned infeasible. Amoco informed Onal that it would therefore terminate the Lease unless Onal consented to Amoco's use of the entire property without a subdivision. In 1997, Onal and Amoco entered into a Memorandum of Lease whereby Amoco offered Onal $50,000 as "up front money," which Onal accepted. In a lease dated December 10, 1997, Onal, having evicted the check cashing station, leased the entirety of his property to Amoco.

At the same time it was purportedly attempting to obtain the necessary permits, Amoco decided to attempt to assign the Lease to Wendy's Corporation. In December 1999, Amoco informed Onal that it was "no longer interested in developing the property as a gas station, and was interested in buying its way out of the lease." After buyout negotiations proved unsuccessful by early 2000, Amoco informed Onal of its plans to

assign the lease to Wendy's. However, negotiations with Wendy's ultimately were fruitless, and Amoco stopped paying rent to Onal once the anticipated assignment of the Lease to Wendy's fell through.

Onal filed the instant lawsuit asserting claims for, among other things, breach of contract. Amoco filed an answer and later amended its answer to include two counterclaims, including a claim that Onal breached his duty of good faith and fair dealing. Following trial, the jury rendered a verdict in Onal's favor, and the District Court subsequently denied Amoco's post-trial Rule 50(a) motion.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We apply plenary review to the District Court's post-trial determination concerning the meaning of the Lease. *Montgomery County v. Microvote Corp.*, 320 F.3d 440, 445 (3d Cir. 2003). We review the District Court's decision to admit the purported evidence of compromise for abuse of discretion. *Citizens Financial Group, Inc. v. Citizens Nat. Bank of Evans City*, 383 F.3d 110, 132-33 (3d Cir. 2004).

Amoco first contends that the District Court erred in finding that Amoco breached the Lease when it terminated it. Amoco reasons that Paragraph 6 gave it an absolute right to terminate because it failed to obtain the permits necessary to build the gasoline station. This is incorrect. In *Huang v. BP Amoco Corp.*, 271 F.3d 560 (3d Cir. 2001), we considered the propriety of summary judgment in Amoco's favor where Amoco had

4

terminated a ground lease on the basis of an approval contingency clause virtually identical to the one Amoco relies on here. Applying Pennsylvania law, we held quite clearly that "[b]ecause of the implied covenant of good faith, an approvals contingency clause does not give a lessee an absolute right to terminate the lease without penalty. Rather, the lessee must make a diligent and good-faith effort to obtain the required approvals." *Huang*, 271 F.3d at 565 (citing *Jamison v. Concepts Plus, Inc.*, 552 A.2d 265, 269 (Pa. Super. 1988)). We also pointed out that the issue of whether a party has made a good-faith effort is a question of fact under Pennsylvania law. *Id.* (citing *Jamison*, 552 A.2d at 270) (internal citations omitted). Here, the jury was properly instructed on the law of good faith, and there was sufficient evidence to support its finding that Amoco had failed to exercise good faith. Accordingly, we will affirm the District Court's denial of Amoco's post-trial motion on this ground.

Amoco argues additionally that the District Court's admission into evidence of correspondence between Amoco and Onal from October 1999 through February 2000 constituted reversible error requiring remand and a new trial at least as to Onal's claim for damages accruing after Amoco's termination of the Lease. Amoco specifically asserts that these correspondence amounted to offers to compromise inadmissible under Federal Rule of Evidence 408. Rule 408's "exclusion applies where an actual dispute or a difference of opinion exists, rather than when discussions crystallize to the point of threatened litigation." *Affiliated Mfrs., Inc. v. Aluminum Co. of America*, 56 F.3d 521,

5

527 (3d Cir. 1995) (citations omitted). We do not believe the District Court abused its discretion in admitting this evidence. First, there was evidence at trial showing that there was no actual dispute between Onal and Amoco during the period of October 1999 through February 2000, including the testimony of Onal's counsel. Moreover, Rule 408 only precludes the introduction of evidence of compromise to establish liability as to the claim purportedly compromised, but the District Court only permitted the jury to consider the correspondence in assessing Amoco's counterclaim that Onal had breached his duty of good faith and fair dealing.

For the foregoing reasons, we will affirm the judgment of the District Court.